UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANGELO CARVELHO, et al.,<br><br>Defendants. | Case No. 2:12-cv-1688-APG-GWF<br><br>**ORDER**<br><br>(Third-Party Def.'s Motion to Dismiss – dkt. no. 59; Plf.'s Motion to Amend – dkt. no. 73; Third-Party Def.'s Motion to Strike – dkt. no. 76) |
| ANGELO CARVELHO, et al.,<br><br>Third-Party Plaintiffs<br><br>v.<br><br>KORTE CONSTRUCTION COMPANY, a Missouri corporation, and R&O CONSTRUCTION COMPANY, a Utah corporation,<br><br>Third-Party Defendants. | |

I. **SUMMARY**

Before the Court are Korte Construction Company's Motion to Dismiss, (dkt. no. 59), Plaintiff U.S. Specialty Insurance Company's Motion to Amend, (dkt. no. 73), and Third-Party Defendant Korte Construction Company's Motion to Strike or Disregard the Declaration of Kevin Spilsbury, (dkt. no. 76). The Court has considered the respective Responses and Replies, and for the reasons discussed below, the Motion to Dismiss is granted, the Motion to Amend is granted,

and the Court will disregard the Declaration of Kevin Spilsbury for purposes of analyzing this Motion.

## II. BACKGROUND

This case arises out of a construction dispute. On September 23, 2010, Plaintiff U.S. Specialty Insurance Company ("USSIC"), as surety, issued a Performance and Labor and Material Bond (the "Bond") on behalf of Defendant and Third-Party Plaintiff Joint Forces, LLC ("Joint Forces"), as principal. The Bond was issued in favor of Third-Party Defendant Korte Construction Company ("Korte"), a contractor on the Beale Air Force Base Child Development Center project. Korte had subcontracted with Joint Forces for Plumbing, HVAC, and Hydronics work at the project. USSIC and Joint Forces also entered into an Indemnification Agreement, whereby Joint Forces agreed to indemnify USSIC for any liability arising under the Bond.

Subsequently, pursuant to its obligations under the Bond, USSIC was forced to retain another subcontractor to repair and complete Joint Forces' allegedly deficient work. USSIC then brought this action under the Indemnity Agreement, seeking reparation from Joint Forces for the losses it incurred in connection to its surety obligations. Joint Forces answered the Complaint and brought a Third-Party Complaint against Korte alleging that any of its liability to USSIC resulted from Korte's failure to pay Joint Forces, delay on the project generally, purposeful impediment of Joint Forces' timely completion of its work, and ultimately, Korte's wrongful termination of Joint Forces from the project. Joint Forces asserts that Korte was the party actually responsible for the defective and incomplete work, and consequently, the party ultimately liable for USSIC's harm.

Korte now brings this Motion to Dismiss asserting three arguments. First, Korte argues that USSIC's Complaint does not adequately allege subject matter jurisdiction, and the entire Complaint should be dismissed. Second, Korte argues that as Joint Forces cannot state a claim for contractual or equitable indemnification, Joint Forces' claims against it are not claims for derivative or secondary liability, and thus are not proper in a Third-Party Action. Accordingly, Korte asserts that the Third-Party Complaint should be dismissed under Federal Rules of Civil

Procedure 12(b)(6) and 14(a). Finally, Korte argues that the arbitration agreement between Korte and Joint Forces makes any adjudication of the Third-Party Complaint's claims in this Court improper, and that the Court should, at least, stay litigation on the Third-Party Complaint and compel arbitration between Korte and Joint Forces.

## III. DISCUSSION

As a determination of the Court's jurisdiction is a mandatory and preliminary consideration, the Court will first address Korte's arguments that USSIC's Complaint lacks sufficient allegations to properly plead subject matter jurisdiction. Because the Court determines that those pleading deficiencies can easily be remedied, the Court also will address Korte's arguments that the claims contained in the Third-Party Complaint are not properly before the Court.

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and the jurisdictional limitations imposed by the Constitution and Congress must never be disregarded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal Rule of Civil Procedure 8(a)(1) requires that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Rule 12(b)(1) of the Federal Rules allows dismissal of a claim or action for lack of subject matter jurisdiction when the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Lit.*, 546 F.3d 981, 984–85 (9th Cir. 2008). Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial (confining the inquiry to the allegations in the complaint), or factual (permitting the court to look beyond the complaint). *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When considering a "facial" attack under Rule 12(b)(1), a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Whitethorn v. F.C.C.*, 235 F. Supp.2d 1092, 1095–96 (D. Nev. 2002) (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989)). If those

allegations are insufficient to invoke federal jurisdiction, dismissal is appropriate. *In re DRAM*, 546 F.3d at 984-85.

USSIC asserts that this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00. Korte contends that the allegations supporting complete diversity are not sufficient because the citizenship of the members of the Defendant-LLCs has not been alleged, the citizenship of a trustee of a Defendant Trust has not been alleged, and the principal place of business of a Defendant Corporation has not been alleged. Korte does not make a factual challenge to jurisdiction by asserting the existence of non-diverse defendants, but challenges only the sufficiency of USSIC's allegations.

A properly pled complaint must identify all states of which an entity is a citizen. *See Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). Korte's Motion properly sets for the governing law concerning the citizenship of the various entities named in USSIC's complaint. First, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because an LLC is treated like a partnership for purposes of diversity jurisdiction, the place of its organization is not relevant for analyzing diversity jurisdiction. *TPS Utilicom Services, Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1101-02 (C.D. Cal. 2002). Second, "[a] trust has the citizenship of its trustee or trustees." *Johnson*, 437 F.3d 894 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980)). Finally, the citizenship of a corporation is both the place of its incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

USSIC's Complaint avers only that the Defendant-LLCs are Nevada LLCs and does not identify the citizenship of the members of the Defendant-LLCs. Additionally, although the Complaint alleges the citizenship of Brian and Kevin Spilsbury (trustees of two Defendant-Trusts), it does not allege the citizenship of R. Glenn Woods (trustee of two other Defendant-Trusts). Finally, the Complaint identifies only Nevada as the place of incorporation for Cam Consulting, Inc., a named Defendant and member of Defendant Premier Mechanical, LLC.

Consequently, the Complaint does not provide sufficient allegations to assess the citizenship of all parties and thereby determine whether complete diversity exists. For these reasons, the short and plain statement of the grounds of the court's jurisdiction is insufficient, and the Court grants Korte's Motion.

USSIC has moved to amend the Complaint should the Court find the allegations insufficient and dismiss the Complaint. As Korte does not bring a factual challenge to the Court's diversity jurisdiction, it appears the listed deficiencies may be easily cured through amendment. The Proposed Third Amended Complaint resolves the deficient allegations relating to the LLC-Defendants, but fails to cure the deficiencies relating to the Defendant-Trusts and the Defendant-Corporation. Consequently, the Court grants USSIC's Motion to Amend, but only on the condition that the Third Amended Complaint identify the citizenship of R. Glenn Woods and the principal place of business of Cam Consulting, Inc. Of course, if the citizenship of either of those parties destroys diversity, the Third Amended Complaint will be dismissed.

**B. Third-Party Complaint**

Korte's objections to the main Complaint are technical and may be easily resolved. No party has raised a concern that any additional jurisdictional allegations would reveal a lack of subject matter jurisdiction. Therefore, the Court anticipates that Defendants' Amended Answer and Third-Party Complaint will be identical or nearly identical to that currently before the Court. Consequently, in the interest of justice and judicial economy, the Court will address Korte's arguments relating to the Third-Party Complaint.

Korte argues that the Third-Party Plaintiffs' claims are not dependent and derivative of Joint Force's liability to USSIC, but rather are separate and independent claims. Korte accordingly asserts that the claims are not properly included in a Third Party Action, and must be brought in a separate suit. Alternatively, Korte argues that the Third-Party Plaintiffs are bound by the Arbitration Agreement contained in the contract between Korte and Joint Forces, and thus are prohibited from bringing their claims in this Court. Korte urges the Court to either dismiss the

Third-Party Complaint, or stay all proceedings under the Third-Party Complaint and compel arbitration.

Before assessing the merits of the Third-Party Complaint, however, the Court must address the tangential matter of Korte's Motion to Strike or Disregard the Declaration of Kevin Spilsbury. As part of their opposition to Korte's Motion to Dismiss, Third-Party Plaintiffs attached the affidavit of Kevin Spilsbury, which expounded and elaborated the allegations in the Third-Party Complaint. Korte argues that consideration of such evidence in analyzing a motion to dismiss is inappropriate. The Court notes that motions to strike are generally limited to pleadings. Fed. R. Civ. P. 12(f); *United States v. Crisp*, 190 F.R.D. 546, 550–51 (E.D. Cal. 1999) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Nonetheless, the request to disregard the declaration was also included in Korte's Reply, and the Court agrees that, generally, matters outside the pleadings are not appropriately considered in analyzing a motion to dismiss without converting the motion to one for summary judgment. *See Collins v. Palczewski*, 841 F. Supp. 333, 334-35 (D. Nev. 1993). Consequently, the Court will disregard Mr. Spilsbury's declaration for purposes of analyzing the Motion to Dismiss.

Turning to the appropriateness of the Third-Party Complaint, a defendant may bring a third-party complaint against "a non-party who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1) Such a claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and secondary or derivative thereto. *United States v. One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538*, 708 F.2d 444, 452 (9th Cir. 1983). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). The fact that an asserted claim is related to the original or simply arising out of the same transaction or occurrence as the original is not sufficient. *Id.*

Additionally, the decision to allow a third-party to be impleaded under Rule 14 is within the discretion of the district court. *United States v. One 1977 Mercedes Benz, 450 SEL, VIN*

*11603302064538*, 708 F.2d 444, 452 (9th Cir. 1983). In exercising its discretion, the court should consider whether impleading a third party would "avoid circuity of action and eliminate duplication of suits based on closely related matters." 6 C. Wright & A. Miller, *Fed. Practice & Procedure* § 1443 (3d ed. 1998); *Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989). Moreover, the Court may decline to exercise its discretion to implead a third-party where the impleader would prejudice the other parties or unduly complicate the litigation. 6 C. Wright & A. Miller, *supra* § 1443 ; *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) ("It is not an abuse of discretion to deny an application for impleader where it will disadvantage the existing action.").

Korte and Third-Party Plaintiffs present respectively narrow and liberal interpretations of Rule 14(a). Korte argues that a claim for contribution or contractual or equitable indemnity is required for impleader and that the Third-Party Complaint states only causes of action sounding in contract. Additionally, Korte argues that the claims against it are separate and distinct from USSIC's claims against Third-Party Plaintiffs because USSIC's claims arise under the Indemnification Agreement between USSIC and Joint Forces, and that agreement does not involve Korte or Korte's separate contract with Joint Forces.

In support, Korte cites to *Am. Contractors Indem. Co. v. Bigelow*, No. CV 09-08108-PCT-MHM, 2010 WL 5638732 (D. Ariz. July 30, 2010). In *Bigelow*, a developer posted a performance bond, with an insurance company as surety, and a municipality as obligee. *Id.* at *1. When the developer filed for bankruptcy, the insurance company was forced to pay out on the bond to complete the promised improvements to the property. *Id.* at *2. The insurance company then sued the developer under their indemnification agreement. *Id.* The developer sought to implead the municipality, arguing that its inability to finish the improvements was due to the municipality's failure to release funds. *Id.* The court, however, held that the developer had not stated a claim for indemnification under Arizona law, and as such, the claims against the municipality were separate and independent because the municipality was not implicated in the indemnification agreement. *Id.* at *3.

Alternatively, Joint Forces urges a less restrictive interpretation of impleader under Rule 14 and cites *Aetna Cas. & Sur. Co. v. Kochenour*, 45 F.R.D. 248, 249 (M.D. Pa. 1968) in support. In *Aetna*, a general contractor posted a bond with an insurance company as surety and subcontractors as obligees. *Id.* at 249. When the general contractor defaulted on payments to subcontractors, the insurance company was forced to pay on the bond and brought suit against the general contractor under the indemnity agreement. *Id.* The general contractor sought to implead the owner of the property and architect on the project, arguing that its own default was a result of the owner's failure to meet payment obligations and the architect's negligence. *Id.* at 249-50. The owner argued that impleader was improper because any contractual claim against it was separate from the general contractor's contractual obligations under the indemnification agreement. *Id.* at 250-51. Nonetheless, the court allowed the third-party complaint, reasoning that the impleader avoided a circuity of actions, and that the narrow interpretation of Rule 14 urged by the third party defendants would deprive the rule of its beneficial objectives. *Id.* at 251.

Of the two approaches, the Court is more persuaded by the less restrictive construction of Rule 14. The allegations of the Third-Party Complaint purport to implead Korte because, if Joint Forces is determined liable to USSIC, Korte may be liable to Joint Forces for all or part that liability. Thus, by the impleader, Third-Party Plaintiffs seek to transfer the liability USSIC asserts against Joint Forces to Korte. These actions align with the plain language and "crucial characteristic" of Rule 14. Moreover, this construction of the Rule accords with the purpose of Rule 14, which is "to facilitate, not to preclude, the trial of multiple claims which otherwise would be triable only in separate proceedings." *United States v. Yellow Cab Co.*, 340 U.S. 543, 556 (1951).

Consequently, the Third-Party Plaintiffs' claims against Korte would properly be included in a third-party complaint. However, this case entails two additional complications that affect the propriety of the Third Party Complaint. First, the Third Party Complaint includes a claim for payment allegedly owed to Joint Forces by Korte for work that Joint Forces had completed. This claim is external and additional to the claim for reimbursement of any liability owed to USSIC.

Korte argues, and the Court agrees, that this claim is separate and independent, and improperly brought in a third-party complaint. In its Response, Joint Forces concedes the claim is independent, but argues that the Court should exercise ancillary jurisdiction over this separate claim, as it arises out of the transaction or occurrence and involves the same parties. *See United States v. Pioneer Lumber Treating Co.*, 496 F. Supp. 199, 201-02 (E.D. Wash. 1980).

Second, in addition to this question of supplemental jurisdiction the contract between Joint Forces and Korte contains an Arbitration Agreement. That agreement states:

> All claims, disputes and matters in question arising out of, or relating to, this Agreement or the breach thereof, except for claims which have been waived by the making or acceptance of final payment, claims which are subject to Paragraph 6.2, and claims described in Paragraph 14.2, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise. Notwithstanding other provisions in the Agreement, this agreement to arbitrate shall be governed by the Federal Arbitration Act.

(Dkt. no. 61, Ex. 1.) The mentioned exception of Paragraph 14.2 reads:

> The agreement to arbitrate shall not apply to any claim: (a) of contribution or indemnity asserted by one party to this Agreement against the other party and arising out of an action brought in a state or federal court or in arbitration by a person who is under no obligation to arbitrate the subject matter of such action with either of the parties hereto or does not consent to such arbitration.

(*Id.*) Korte argues that this arbitration agreement precludes a determination of liability under the Third-Party Complaint because all of Joint Forces' claims are subject to arbitration. Joint Forces responds that the exception of Paragraph 14.2 applies to this case as it is one for indemnity, is asserted by Joint Forces against Korte, and arises out of the action brought by USSIC (a person not obligated to arbitrate under the agreement). Korte replies that Joint Forces has not stated a claim for indemnification, but only for breach of contract and breach of the covenant of good faith and fair dealing.

The interaction of these two added complications undermines the purpose of Rule 14 and renders impleader inappropriate in this case. Setting aside, for a moment, the question of whether

9

the Third-Party Plaintiffs' primary claims seek indemnification as contemplated by paragraph 14.2 of the agreement, it is clear that Third-Party Plaintiffs' ancillary claim for back pay is not a claim "of contribution or indemnity." As such, this claim does not qualify for the exception, and the arbitration agreement applies. Further, because that claim is subject to arbitration, it would be improper for this Court to exercise ancillary jurisdiction and proceed with its adjudication. Consequently, the back pay claim is not properly before the Court and must be severed.

Because that claim must be tried elsewhere, allowing a Third-Party Complaint to proceed in this action would not serve to avoid a circuity of actions, but would prejudice the parties. The Third-Party Plaintiffs' claims for reimbursement and for back pay both involve the same facts, issues, and parties. Consequently, adjudicating reimbursement in this court while severing the back pay portion would create duplication of suits rather than eliminate duplication. Severing the back pay claim also would require the parties to litigate the same issues in multiple forums, and create a danger of inconsistent outcomes. Such duplicative litigation would prejudice the parties. For these reasons, the purposes underlying Rule 14 are not met by impleading Korte, and the Court declines to exercise its discretion to allow impleader under Rule 14.

Therefore, USSIC's Second Amended Complaint is dismissed with leave to refile a Third Amended Complaint which corrects the deficient jurisdictional allegations. Additionally, any third-party complaint filed subsequent to the filing of the Third Amended Complaint must exclude the current claims against Korte for the reasons discussed in this Order.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Third-Party Defendant Korte Construction Company's Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that Plaintiff U.S. Specialty Insurance Company's Motion to Amend is GRANTED provided the Third Amended Complaint is revised to comply with this Order.

////

IT IS FURTHER ORDRED that Third-Party Defendant Korte Construction Company's Motion to Strike or Disregard the Declaration of Kevin Spilsbury is GRANTED.

DATED THIS 26th day of November 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE